

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-3036
Re: Salaries of deputy tax
assessors of Jefferson
County.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I would like to have an opinion from your Department upon the following state of facts:

"W. T. Blackmon, who has just assumed the duties of County Tax Assessor-Collector of Jefferson County, has the following problem: He is employing R. J. Bernard as chief deputy, and A. B. Kelso as head of the automobile tax department. Both of these men served in the tax collector's department of Jefferson County for approximately nine continuous years, up to 1921. The question submitted by Mr. Blackmon to this department is, 'What is the maximum salary allowed these men under the statutes?'"

Section 5 of Article 3902, Vernon's Annotated Texas Civil Statutes, is applicable to Jefferson County, Texas, and reads as follows:

"5. In counties having a population of one hundred thousand and one (100,001) and not more than one hundred and fifty thousand (150,000) inhabitants, first assistant or chief

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

deputy not to exceed Twenty-six Hundred
($2600.00) Dollars per annum; heads of de-
partments may be allowed by the Commissioners'
Court, when in their judgment such allowance
is justified, the sum of Two Hundred ($200.00)
Dollars per annum in addition to the amount
herein allowed, when such heads of depart-
ments sought to be appointed shall have pre-
viously served the county or political sub-
division thereof for not less than two con-
tinuous years; other assistants, deputies
or clerks not to exceed Twenty-three Hundred
($2300.00) Dollars per annum each."

The main problem presented by the question submitted
is whether the words "shall have previously served the county
or political subdivision thereof for not less than two con-
tinuous years" should be construed to mean two continuous years
next preceding the appointment, or any two continuous years
preceding the appointment.

Where the statutory language is ambiguous or admits
of more than one meaning, it is to be taken in such a sense as
will conform to the scope and intent of the Act, and will best
or most certainly accomplish its purpose without doing violence
to plain statutory language. A construction that will unduly
limit its plain purpose, will be avoided if possible. 39 Tex.
Jur. pp. 218-219.

In permitting the payment of a larger salary to the
head of a department who "shall have previously served the
county or political subdivision thereof for not less than two
continuous years," we believe the Legislature intended that a
head of a department with previous experience in county matters
should be entitled to a larger salary than an inexperienced
person.

By requiring the previous service to be "not less
than two continuous years" we believe the Legislature intended
to set a minimum length of experience required to qualify an
appointee to the additional salary, and to eliminate those
persons whose previous service totaled two years but who were

employed only periodically. It is a matter of common knowledge that certain officers of the county government, particularly the tax assessor-collector, require extra help during certain rush periods.

To construe the words in question as meaning two continuous years next preceding the appointment would be placing an undue limitation on the plain purpose of the statute. Such a construction would eliminate many able men with many years of continuous service. Such a construction would also present a serious question as to the length of time that an officer taking office on January 1, 1941, could wait before appointing the heads of the several departments without having the two continuous years next preceding the appointment interrupted sufficiently to make such proposed appointees ineligible to qualify for the additional salary. It would tend to penalize the officer who most carefully and deliberately attempted to appoint the best qualified persons. We cannot agree that the purpose of the statute in question justifies such a limited construction.

It is our opinion, therefore, that the words "shall have previously served the county or political subdivision thereof for not less than two continuous years," in Section 5 of Article 3902, supra, should be construed as meaning any two continuous years preceding the appointment.

You are, therefore, respectfully advised that it is the opinion of this department, under the facts stated, that the salary of the chief deputy cannot legally exceed the sum of $2600.00 and that the salary of the other deputy, head of the automobile tax department, cannot legally exceed the sum of $2500.00 per annum.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Edgar Pfeil
Assistant

EP:RS

APPROVED MAR 19, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered and
Approved in Limited Conference